UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEITH RANDOLPH WILLIS,

                Plaintiff,

vs.                                 Case No. 2:07-cv-551-FtM-29DNF

CHARLOTTE COUNTY JAIL,

                Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court upon initial review of the file. *Pro Se* Plaintiff, Keith Randolph Willis, initiated this action by filing a rights complaint pursuant to 42 U.S.C. § 1983 on September 4, 2007 (Doc. #1, Complaint). The Complaint attaches various unsigned grievances that did not include a demand for relief. Complaint at 10. On September 5, 2007, Plaintiff filed an executed signature page and completed the section entitled "Relief Requested" setting forth the type of relief he requests from the Court (Doc. #5, Supplement to Complaint). Plaintiff, a pretrial detainee, who is currently confined at the Charlotte County Jail, names the Charlotte County Jail as the sole Defendant in this action. Complaint at 4. The Complaint alleges violations of the U.S. Constitution and Florida statutes stemming from the Jail's withdraw of monies from Plaintiff's inmate account for subsistence, booking and medical fees. Plaintiff seeks reimbursement of these monies. Supplement to Complaint at 1.

Because Plaintiff is currently confined in prison and seeks to proceed in this action *in forma pauperis* (Doc. #2), the Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2).  In essence, § 1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings.  In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).  Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Thus, a court may dismiss a complaint if the facts as pleaded do not state a claim for relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1968-69 (2007)(abrogating Conley v. Gibson, 355 U.S. 41 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim.  Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001).  In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less

stringent standard than those pleadings that are drafted by attorneys. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

A complaint filed *in forma pauperis* which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346,(11th Cir. 2001). Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," Nietzke 490 U.S. at 327; when the claims rely on factual allegations which are "clearly baseless" Denton v. Hernandez, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on the presence of two essential elements:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

At the outset, the Court notes that the Charlotte County Jail is not a "person" as that term is defined in § 1983. Even if the

Court liberally construes the Complaint as against the Sheriff of Charlotte County, Plaintiff's Complaint fails to state a claim under 28 U.S.C. § 1915(e)(2) because Plaintiff has not alleged facts supporting a violation of a constitutional right. While a plaintiff is not required to prove his claim in his complaint, he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.

The Florida legislature enacted statutes authorizing the assessment of certain costs against prisoners. Specifically, Sections 951.032 and 951.033, Florida Statutes, permit county and municipal detention facilities to recover the subsistence costs and medical expenses incurred by prisoners. Although a detainee may not be assessed the costs associated with his prosecution, a jail may assess the costs for a detainee's health care and subsistence against the detainee. Williams v. Ergle, 698 So. 2d 1294, 1298 (Fla. 5th DCA 1997).

Plaintiff does not challenge the constitutionality of the Florida laws, but rather challenges the application of the law as applied to him. See Cruz v. Aladro, 129 Fed. Appx. 549 (11th Cir. 2005). The Court recognizes that Plaintiff has a protected property interest in any funds deposited into his prison account and cannot be deprived of those funds without due process of law. See Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir. 1989).

Here, Plaintiff's due process rights are intact since Plaintiff admits he was able to challenge any charges assessed against his account by filing a grievance. See Solomos v. Jenne, 776 So. 2d 953 (Fla. 4th DCA 2000). Moreover, Plaintiff has not alleged that Florida law has provided an inadequate post-deprivation remedy. "Before seeking a remedy for an alleged due process violation in federal court, a plaintiff is obliged to avail itself of state remedies or show that the state deprived it of redress." T & A Utilities v. City of Panama City, Docket No. 5:96CV97, 1997 WL 151045, *4 (N.D. Fla. Jan. 22, 1997) (citing Tinney v. Shores, 77 F.3d 378, 382 (11th Cir. 1996)); McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994), cert. denied, 513 U.S. 1110 (1995)(footnote omitted)).

Thus, for the above-stated reasons, Plaintiff's case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Complaint is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate all pending motions; and (3) close the file.

**DONE AND ORDERED** in Fort Myers, Florida, on this  9th  day of November, 2007.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record